IN THE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHEDRICK BRUMFIELD DOC#395460
PETITIONER

VERSUS

WARREN MONTGOMERY, ET AL.

CIVIL ACTION

CASE NUMBER: 16-17078

DIVISION: SECT. R MAG. 1

MAG. JUDGE: ____________

JUDGE: ____________

---

APPLICATION FOR SUPERVISORY WRIT OF MANDAMUS / WRIT OF EXECUTION WITH SANCTIONS

---

NOW INTO COURT comes. Shedrick Brumfield DOC#395460, petitioner herein, who respectfully moves this Honorable Court to issue a Writ of Mandamus/ Writ of Execution in this matter ordering several respondents. " St. Tammany District Court and St. Tammany District Attorney Warren Montgomery (respondents) to: (1) Answer Motion to Correct Hearing, and to (2) To provide him with copies of documents under the Number 272,390. District Attorney Files for the following reasons to wit:

JURISDICTION

Pursuant to Article V § 2 and 10 of the Louisiana Constitution

I.

TENDERED FOR FILING

DEC 05 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**of 1974, and 14th Amendment of due process of law and pursuant to L.C.C.P. Article 3861 thru 3866.**

## ARGUMENT

Petitioner, pro se' filed to reopen the proceeding that was put on hold again til the Retroactive of **Miller vs. Alabama,** in the case of **Montgomery vs. Louisiana,** which was decided January 25, 2016 which granted Montgomery.

On June 25, 2012; the **United States Supreme Court** held in **Miller vs. Alabama and Jackson vs. Hobbs.** " The Eighth Amendment forbid a sentencing scheme that mandates lifes in prison without the possibility of parole for juvenile offenders. " **Miller vs. Alabama, 132 S.Ct. 2455, 2469 (2012).**

Petitioner Brumfield, filed a Motion to Correct An Illegal Sentence pursuant to the new rule of law announced in Miller/Jackson, asking the St. Tammany District Court to set aside the mandatory life without parole sentence and order a sentencing hearing on the Miller/Jackson rendered his sentence **unconstitutional** and entitles him to a new sentencing hearing at which mitigating circumstances shall be considered.

Movant avers that the instant conviction and sentence are constitutionally infirm for the reason stated in petition.

However; since the year of 2000; petitioner has been trying to obtain the District Attorney Files, witness statements they have been denying my request without reasons and refuse to have a contradictory hearing also.

This was done by the same Judge Raymond Childress, who for his own reasons besides the law refused to conduct my hearing or show why they are denying the District Attorney's File request; which my attorney never seen or had in his possession.

See: Minutes for Motion of Bill of Particular, Discovery and Inspection, where District Attorney claim he had an open file. My Attorney stated he never received no response written to the Motions he filed. Monday, January 26, 1998 hearing pre-trial confess.

2.

Petitioner states he tried to obtain the files or witness statements and all officer statements to show petitioner never was allowed to prepare to confront the witness against him or test they testimony for contradiction or truthfulness.

Petitioner further claims the District Attorney and Judge are conspiring to keep plaintiff unconstitutional. There is no reason they have been keeping my Motion To Correct An Illegal Sentence in abence for over three years and four months.

III.

3.

The law is clear and that this Writ of Mandamus is clearly an Extraordinary Remedy that is to be used sparingly to compel the performance of a ministerial duty that is clearly required by law and it shall be issued in all cases were law provides no relief by ordinary means or delay in obtaining ordinary relief may cause injustice. **Sewell vs. Huey, App. 4th Cir. 2001, 2000-0385 (La. App. 4th Cir.) 779 So.2d 1003; Riley vs. Riley, 680 So.2d 169** writ denied 96-2430 (La. 12/6/'96) **684 So.2d 932; La. C.C.P. Article 3862** (petitioner is injured by the unreasonable delay by Sheriff).

The injury has created a constitutional violation of the **5th and 14th Amendment** of **Due Process of Law** guaranteed petitioner a clear right to relief. A clear duty to act an no further adequate remedy to compel these respondents to compel with the laws of this State as provided by the **La. Constitution and the 5th and 14th U.S. Constitutional Amendments** as well.

The failure to provide petitioner Mr. Shedrick Brumfield with the Sentencing Hearing without delay or to deliberately " NOT HOLD " the hearing in 3 years and the failure to provide plaintiff with a copy of the District Attorney's Files or all witness statement cited in his several request is a Constitutional Violation.

IV.

The requirement of the amdinistration of justice" without delay ", mean without unreasonable and unnecessary delay **ExPart Ryan, *124 La) 50 So.385 (La. 1909)**; there is no lawful reason that can justify delays not related to a legitimate government prupose or function. A hearing must be GRANTED at a meaningful time and in a meanful manner.

Furthermore, there is no reasonable or legitimate reason to delay the sentencing hearing over 3 years. They have the man power, and funds but chose to delay the hearing hoping they can convince the legislator to change the law in their favor. While I wait in prison for years for the court to do its job, which was mandatory by law.

Petitioner states its not his fault the **La. State Legislature failed to address** or give them the DA and Judge an Act favorable to them in the 2016 Regular Legislative Session.

## CONCLUSION

Wherefore, Plaintiff prays he has clearly shown that he is entitled to relief in this matter, in the interest of justice and " Judicial Economy " this Honorable Court should issue and order directing the St. Tammany Court, to hold a sentencing hearing which is mandatory by law in **Miller/ Jackson** 2012 because this Court has guided several low courts to conduct

these hearings or in the alternative to release the prison from confinement SEE: **Gilliam vs. Cain, No 14-2129 (E.D.La. 5/31/'16) Palmer vs. Cain, No. 03-2983 (E.D.La. 5/5/'16) in 90 days and Trevathan vs. Cain, 15:1009 (E.D. La. 4-11-'16).**

Also the United States Supreme Court was left to the State the task of developing appropriate ways to enforce the Constitutional restriction against execution of the intellectually disabled and as of yet Louisiana has not yet directly legislatively implimented. **Atkins vs. Virginia, 536 U.S. 304; 122 S.Ct. 2242, 153 L.Ed. 335 (2002). State vs. Williams, 01-1650 (11-1-'02) 831 So. 835.** That was 14 years ago they made the ruling. How long does petitioner have to be in suspense? Waiting to have his Unconstitutional Sentence or Statute removed or be denied evidence to prove plaintiff in prison illegally for 19 teen years.

3.

There is no logical reason for the defendant to hold my Motion to Correct An Illegal Sentence / and Request District Attorney Files which has execulpatory statements made by witness. Their actions can only be reviewed as malicious, without this Court intervening I shall not have my claims litigated or heard.

**VI.**

" DESIRED RELIEF "

Petitioner ask this Honorable Court his Motion for Writ of Mandamus against St. Tammany Judge Raymond Childress, District Attorney Warren Montgomery ordering them to respond to my Motion To Correct An Illegal Sentence and held on Correct Hearing held under **Miller/ Jackson Decision supra**, in 30 working days AND show why they have been deliberately hiding exculpatory statements and to produce; " All the original statements made against me before trial. All Officers, and three of the witness that was made.

To have Warren Montgomery in 20 days to produce these statements in original forms, if not to impose sanctions against him in the amount of punitive damages for his office civil misdeeds and for deliberately ignoring the petitioner's right to due process.

To have a fair an just hearing. What the petitioner is guaranteed by law under the **Louisiana Constitution of 1974**, and the **14th U.S. Constitution Amendment**, when the **State** provides no other form of relief. **Romer vs. Evans, 517 U.S. 620, 634-35 (1996); Wolf vs. McDonnell, 418 U.S. 539, 558 (1974).** The touchstone of due process is protection of the individual against arbitrary action of the government.

4.

However, from their action, they are leaving me without any

post deprivation remedy, such as the opportunity to file a state law action. SEE **Hudson vs. Palmer, 468 U.S. 517, 539-44 (1984).**

5.

Therefore, defendants have deprived of a Constitutional Right under the **14th U.S. Constitutional Amendment.**

6.

No relief by ordinary means are available in this matter.

7.

Plaintiff asserts that he is indigent and unable to pay court cost in this matter and therefore, should be allowed to proceed in forma pauperis status.

8.

Defendants' be required to pay all court cost involved in this matter.

9.

Have Plaintiff Case be moved from the 22nd Judicial District Court, to be free from retaliation from filing this Mandamus.. because the Judge and District Attorney are humans with feelings... they already showed their malicious and prejudice in their actions. I would like a fair and impartial hearing which I feel I would not receive in this Parish.

**VIII.**

THUS DONE AND SIGNED ON THIS ______DAY OF _________, 2016.

s/ [signature]
Shedrick Brumfield #395469
DWCC 670 Bell Hill Road
Homer, LA 71040-2150

## CERTIFICATE OF SERVICE

I, Shedrick Brumfield DOC# 395469, hereby certify that I have forward a copy of the above proceedings to the 22nd District Court Judge Raymond Childress and District Attorney Warren Montgomery under Docket No. 272,390- Divisions A P.O. Box Covington, LA 70434 via prepaid United States Postal Service on this ______day of ___________, 2016.

s/ [signature]
Shedrick Brumfield #395469