Monday, January 26, 1998

COURT MET THIS DAY AND PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING, HIS HONOR, JOHN W. GREENE, JUDGE PRO TEMPORE, DIVISION "A", RONALD D. BODENHEIMER, ASSISTANT DISTRICT ATTORNEY, RODNEY J. STRAIN, JR., SHERIFF AND MALISE PRIETO, CLERK OF COURT. (ONEITA GRAHAM, COURT REPORTER AND CAROL SCHOULTS, BAILIFF)

272390A STATE OF LOUISIANA
VS
SHEDRICK BRUMFIELD

The defendant being present in open Court and attended by Counsel, Freeman W. Ramsey, and this matter being on assignment for Motion for Bill of Particulars, Discovery and Inspection, Motion to Compel Disclosure of Initial Offense Report, Motion for Oyer, Motion to Suppress Confession and Evidence, and Motion to Reduce Bond and Felony Jury Trial, the Assistant District Attorney at this time provided open file, Defense Counsel at this time informed the Court he had received no written response to the Motion for Bill of Particulars, Discovery and Inspection, Motion to Compel Disclosure of Initial Offense Report and Motion for Oyer and further, Defense Counsel stated he has not received a copy of the defendant's statement and police report. The Motion to Suppress Confession was heard at this time. Evidence was heard on behalf of the State with the following witnesses giving testimony:

1. Patrolman Steve Short
2. Dective Douglas Arrowwood

The State at this time offered, introduced, and filed into evidence the following items:

S-1Miranda Form S-2 Copy of transcript of statement

The Motion to Suppress Confession was submitted to the Court, whereupon Court denied said motion, further, the Defense Counsel withdrew the Motion to Suppress Evidence. Further, Court reduced the bond to $100,000.00 cash, property, or surety.

JOHN W. GREENE
JUDGE, PRO TEMPORE
DIVISION "A"

COURT ADJOURNED SINE DIE MINUTES READ AND APPROVED

_______________________ _______________________CLERK VAF
JUDGE DIVISION "A"

A TRUE EXTRACT OF THE MINUTES OF THIS COURT

_______________________
DEPUTY CLERK
22ND JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA

COURT ADJOURNED SINE DIE        MINUTES READ AND APPROVED

________________________        ________________________CLERK    VAF
JUDGE DIVISION "A"

A TRUE EXTRACT OF THE MINUTES OF THIS COURT

________________________
DEPUTY CLERK
22ND JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA

STATE OF LOUISIANA | 22ND JUDICIAL DISTRICT

VERSUS NO.: 272390 DIV.A | PARISH OF ST. TAMMANY

SHEDRICK BRUMFIELD | STATE OF LOUISIANA

FILED: November 20, 1997 | DY. CLERK: [signature]

*****************************************************************************

MOTION FOR BILL OF PARITCULARS, DISCOVERY AND INSPECTION

NOW INTO COURT, through undersigned counsel , comes the above named defendant, who prusuant to Louisiana Code of Criminal Procedure, Due Process and Fundamental Fairness, moves this court to issue orders directing the State and the appropriate law enforcement agencies involved herein to inform the defendant of or provide the Discovery and Particulars, to-wit;

1. What was the exact date that the above named defendant is alleged to have comitted the offense charged herein?

2. What was the exact time that the above named defendant is alleged to have comitted the offense charged herein?

3. What is the exact location where the above named defendant is alleged to have committed the offense charged herein, including street address and exact room or rooms, if any?

4. What was the exact date that the above named defendant was arrested for the offense alleged herein?

5. What was the exact time that the above named defendant was arrested for the offense alleged herein?

6. What was the exact location where the above named defendant was arrested for the offense alleged herein?

7. Did the above named defendant make any oral inculpatory statement or confession?

8. Did the above named defendant make any written inculpatory statement or confession?

9. Did the defendant make any written exculpatory statement?

10. Did the defendant make any oral exculpatory statemant?

11. Does the State or any of its witnesses know any person who has information exculpatory as to the defendant, and if so, who is that person, and what is the basis of his or her information?

12. Describe in detail any and all evidence or information that the State has, either in its possession or which it has knowledge of, that would arguably exculpate or help defendant in the preparation of his defense or to impeach any witness the State intends to use in this prosecution?

13. If the State intends to offer evidence of other criminal offense under exceptions outlined in R.S. 15:445 and R.S.446, please furnish a statement of the specific act or offenses it intends to so offer along with a specification of the exception to the general exculsionary rule upon which the State relies for the admissibility of the evidence.

14. Upon what statute or statutes is this prosecution based?

15. If this prosecution is being conducted under any statute or statutes consisting of sections, parts, papagraphs or divisions of any kind, upon what specific section, part paragraph or division and language is this prosecution based?

16. Did the defendant herein make any written or oral statements which were originally meant by defendant to be exculpatory in nature but which the State may use as inculpatory?

17. Did the defendant herein make any written or oral statements which were originally inculpatory in nature?

18. Were any search warrant applications executed which are related to the charges contained herein?

19. If the answer to number 18 was positive , please give:

a. the number of such application?

b. the affiants of each such application?

c. the date of each such application?

d. the location to be searched relative to each application?

e. whether or not a search warrant was issued on each such application, and if not why?

f. the time, and date and location where such application can be inspected and copied?

20. What items or substances were seized by the State relevant to this matter?

21. What is the exact location from which each of these substances and items were seized?

22. On what date were the items and substances referred to in number 20 seized?

23. At what time were the items and substances referred to in number 20 seized?

24. Who is the alleged owner of each item and substance seized by the State?

25. What is the exact location or address of each owner of each item and substance involved herein?

26. At what location, date and time will defendant be allowed to view each item and substance involved herein?

27. Were tests or analysis conducted on any item , substance , victim and/or defendant involved herein?

28. If the answer to number 27 is positive, please give:

a. the name of the party or parties making such tests and analysis?

b. the location where the tests or analysis were made including the city, state and street address.

c. the date and time when a report of the tests and analysis results will be made available to defendant?

29. Were any arrest warrants issued in this matter?

30. If the answer to number 29 is positive,please give:

   a. the number of such warrants?

   b. the date such warrants were issued?

   c. the name of the Judge or Magistrate who issued each warrant?

   d. the time, date and location where a copy of such warrants and related applications will be delivered to defendant?

31. Permit and authorize the defendant to inspect,copy, examine, tests scientifically, photograph, or otherwise reproduce books, papers, documents photographs tangible objects, buildings, places, or portions thereof, which are within the possession, custody, or control of the State, in which:

   a. are favorable to the defendant and which are material and relevant to the issue of guilt or punishment,or

   b. are intended for use by the State as evidence at the trial, or

   c. were obtained from or belong to the defendant.

32. Permit and authorize the defendant to inspect and copy , photograph or otherwise reproduce any written or recorded statements made by a witness which are exculpatory as to the defendant?

33. Provide the precise time and locations where such evidence sought to be inspected in number 31 and 32 may be reviewed by defense?

34. Attach a copy of any arrest warrant with the accompanying application or affidavit,which was issued in this matter?

35. Inform the defendant whether or not any evidence was obtained from any source other than incident to the arrest of the defendant, or pursuant to a search warrant and if so, under what circumstances was the evidence obtained and from whom?

36. Furnish defendant with a copy of all records, reports or other data relating to any testing or analysis for the purpose of determining blood group or blood type (a) the accused and (b) the victim?

37. Provide copies of all records, or any other data relating to saliva taken from the defendant and the testing thereof?

38. Furnish defendant with a copy or copies of any and all scientific, laboratory,technical or expert reports relating to any examination of defendant or any object,material, document,item or other things taken from or supportedly belonging to the accused?

39. Provide defendant with copies of all medical records and reports,hospital records and reports,and doctor's records and reports,and laboratory and pathological records and reports relating to this matter?

40. State whether any semen,seminal fluid,or seminal material was found on the victim, and if so, specify where and furnish all records,reports,notes, or other data relating thereto?

41. State whether any attempts at the lifting,identifications and/or comparison of fingerprints were conducted?

42. If the answer to number 41 was in the affirmative,please provide:

    a. copies of the fingerprint cards or complete,lifted;

    b. the number of prints, partial or complete,lifted;

    c. the date and time said attempts were made;

    d. the location and time attempts were made;

    e. the person or persons involved in said attempts;

    f. the results of each attempt.

43. Provide defendant all materials, documents or things which relate to or convey the objective recordation of the crime scene and/or its surroundings. This request includes but is not limited to, sketches, diagrams,drawings,"crime scene reports" and/or materials which may be marked as evidence as well as those relied on or referred to by any State witness.

PLEASE TAKE NOTICE, that the defendant will also request the court to permit such further discovery application as may be necessary to protect and preserve the rights of the defendant or as may be indicated by disclosure obtained by this or related motions.

FURTHER, the defendant reserves the right to request this court to permit such independent laboratory or scientific testing and analysis or inspection of physical evidence pertinent to this indictment which mover deems appropriate.

WHEREFORE, the defendant herein prays that after due proceedings are had, this motion be maintained.

RESPECTFULLY SUBMITTED,

FREEMAN W. RAMSEY
ATTORNEY AT LAW
BAR ROLL NUMBER 11096
POST OFFICE BOX 2632
HAMMOND,LOUISIANA 70404
(504) 542-9054

ORDER

Considering the above and foregoing;

IT IS ORDERED that the State of Louisiana show cause on the______ day of __________________, 19____,why the foregoing motion should not be granted.

________________, Louisiana, this ________ day of ______________,

19_____.

______________________________
JUDGE

CERTIFICATE OF SERVICE

I hereby CERTIFY that a copy of the above and foregoing has been mailed, postage prepaid, to the 22nd Judicial District's Attorney's Office.

____________________, Louisiana, this ______ day of ______________,

19_____.

______________________________
FREEMAN W. RAMSEY

STATE OF LOUISIANA | 22ND JUDICIAL DISTRICT
VERSUS NO.: 272390 DIV. A | PARISH OF ST. TAMMANY
SHEDRICK BRUMFIELD | STATE OF LOUISIANA
FILED: November 20, 1997 | DY. CLERK: Monique Melancon

*************************************************************************

MOTION TO COMPEL DISCLOSURE OF INITIAL OFFENSE REPORT

NOW INTO COURT, through undersigned counsel,comes the defendant, who respectfully shows that:

1.

Legislative Act 945 of 1984 provided that initial offense reports of police officers investigating a complaint should be a public record. In 1988, the Legislature enacted a statute making the initial offense report in all cases Public Record.

2.

Defendant alleges upon information and belief that the state has a copy of the initial report, in its possession.

3.

Defendant is entitled to and desires a copy of said initial report, which is a public record under the law of this state according to State v. McEwen, 50-4 So. 2d. 817(Sup. Ct. 4/3 87 ) and State v. Barra, 500 So. 2d. 926 (La. App. 4 Cir. 1987) ( CPS - DRUG CASES ).

4.

Defendant is further entitled to a list of all the names of the State's witnesses they've interviewed and/or intend to call as witness, their addresses, phone numbers, and if law enforcement officers,their present employer and rank under State v. Walters, 408 S. 2d. 1377 (Sup. Ct. 1982), and State v. McEwen, 504 So. 2d.

RESPECTFULLY SUBMITTED,

Freeman W. Ramsey
FREEMAN W. RAMSEY
ATTORNEY AT LAW
BAR ROLL NUMBER 11096
POST OFFICE BOX 2632
HAMMOND, LOUISIANA 70404
(504) 542-9054

ORDER

Considering the foregoing motion and the allegations contained therein;

IT IS HEREBY ORDERED that the State produce a copy of the initial report and a complete list of all the names of each and every State witness interviewed; and, state whether that witness will be called to testify by the State case, on or before the _________ day of _____________________, 19_______, or show cause on the same date why the relief prayed for in this motion should not be granted.

THUS DONE AND SIGNED at _________________, Louisiana , on this ____________ day of ________________________ , 19_______.

_____________________________
JUDGE

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been mailed,postage prepaid this date to the 22nd Judicial District's Attorney's Office.

___________________,Louisiana this _________ day of ________________ 19_____.

_____________________________
FREEMAN W. RAMSEY

STATE OF LOUISIANA

VERSUS NO.:272390 DIV. A

SHEDRICK BRUMFIELD

FILED: November 20, 1997

22ND JUDICIAL DISTRICT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

DY. CLERK: Monique Melancon

*****************************************************************************

MOTION FOR OYER

NOW INTO COURT, through undersigned counsel, comes Shedrick Brumfield, defendant in the above entitled and numbered cause, and moves the court to require the State to furnish the following:

1. The statements provided for in C.Cr. P. Art. 716(A), (B) and (C).
2. The criminal record provided for in C.Cr.P. Art. 717;
3. The evidence provided for in C.Cr.P. Art. 717;
4. The evidence provided for in C.Cr.P. Art. 718 and 719;
5. The statements provided for in the C.Cr.P. Art. 721;
6. The statements and confessions provided for in C.Cr.P. Art. 722.

IT IS ORDERED BY THE COURT that the State show cause on the _____ day of ___________________, 19______, why the foregoing motion should not be granted.

____________________, Louisiana this _____ day of ________________, 19_____.

______________________________
JUDGE

MOTION PREPARED BY:

Freeman W. Ramsey
FREEMAN W. RAMSEY
ATTORNEY AT LAW
BAR ROLL NUMBER 11096
POST OFFICE BOX 2632
HAMMOND , LOUISIANA 70404
(504) 542-9054

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been mailed,postage prepaid to the 22nd Judicial Disrtict's Attorney's Office.

_______________________, Louisiana, this _______ day of___________

19_____.

FREEMAN W. RAMSEY

Mr. Shedrick Brumfield #395469
David Wade Correctional Center
670 Bell Hill Road ([redacted])
Homer, LA 71040-2150

US POSTAGE PITNEY BOWES
ZIP 71040 $ 001.99⁰
02 1W
0001403043 DEC 02 2016

UNITED STATES DISTRICT COURT
Eastern District of Louisiana
William W. (Bill) Blevins, Clerk
500 Poydras St. Rm. C151
New Orleans, LA 70130